UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **RICHARD L. JACKSON** | **CIVIL ACTION NO. 12-CV-2064** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **AMERICAN ELECTRIC POWER COMPANY, INC., ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment filed by Defendants, American Electric Power Company, Inc. ("AEP") and Southwestern Electric Power Company ("SWEPCO") (hereafter collectively referred to as "AEP/SWEPCO" or "Defendants"), pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, the Motion for Summary Judgment is **GRANTED**.

## BACKGROUND

Plaintiff, Richard Jackson is an African American male who began working for SWEPCO on April 2, 2001 as a Relay Technician, maintaining relays in electric utility substations. (SOF, ¶ 2). Jackson later took a position as a Substation Electrician maintaining electric utility substations. (SOF, ¶ 3). Before and during his employment with SWEPCO, Jackson was a member of the International Brotherhood of Electrical Workers ("IBEW"), Local 329. (SOF, ¶ 5). As a member fo the IBEW, Jackson was entitled to the benefits of the Collective Bargaining Agreement ("CBA"). This provided him with the right to file grievances as to any employment-related issue and to pursue such grievances through arbitration if necessary. (SOF, ¶ 6).

On March 22, 2007, while working on the North 345 Transformer in the Longwood

Substation, Jackson stepped on a section of the wire that broke and gave way, causing him to fall approximately five feet before landing on his feet. (SOF, ¶ 9). Jackson did not request medical attention at that time. Rather, for nearly five months, he continued to work as a Substation Electrician until reporting the incident and the claimed subsequent injury on August 6, 2007. (SOF, ¶ 11).

On October 15, 2007, Jackson informed SWEPCO that he was unable to continue working due to the injury. (SOF, ¶ 13). Thereafter, Jackson sought and received sick pay pursuant to SWEPCO's policy, for six months. (SOF, ¶ 14). Following his six months of sick pay, Jackson sought and received Long Term Disability Benefits under SWEPCO's Long Term Disability Plan ("LTD"). (SOF, ¶ 16). Under the LTD Plan, coverage is provided for the first 24 months based upon a disability defined as "an illness or injury that requires the regular treatment of a duly qualified physician and that may reasonably be expected to prevent you from performing the material duties of **your occupation** with AEP." (SOF, ¶ 18). After the first 24 months, the definition of "disability" changes under the LTD Plan and is then defined as "an illness or injury that requires the regular treatment of a duly qualified physician and that may reasonably be expected to prevent you from performing the duties of **any occupation** for which you are reasonably qualified by your education, training and experience." (SOF, ¶ 21). (Emphasis in the original).

On July 17, 2009, Jackson was informed via letter from Prudential, the third party administrator of the Plan, that he would be denied further benefits as of October 15, 2009 as it had determined that he was not disabled under the "any occupation" definition of disability as he could engage in some form of gainful employment. This was in accordance

with the change in the definition of "disability" under the policy.

Following receipt of the notification from Prudential, Jackson retained Counsel to appeal Prudential's decision, asserting that Jackson was disabled from performing any occupation. (SOF, ¶ 26).Prudential again denied the appeal in a letter dated April 23, 2010. (SOF, ¶ 28). Jackson subsequently filed suit against Prudential in this Court. The suit was dismissed under LR 41.3 because service of the summons and complaint was not made within 120 days of the institution of the civil action and Plaintiff failed to show good cause for the deficiency. (SOF, ¶ 29 and 5:11-cv-0393 Rec. Doc. 12).

On or about August 2007, Jackson also filed a Louisiana workers' compensation claim seeking workers' compensation benefits from SWEPCO. The claims were ultimately settled in two parts: (1) wage benefits on June 7, 2011 and (2) the medical portion on November 21, 2013. (SOF, ¶ 30, 31, 34). Plaintiff also filed for Social Security Disability Benefits, first in 2008, and again in 2011 after his initial application was denied. Jackson has continually made sworn personal declarations, under penalty of perjury, that he is totally disabled and unable to work before the Social Security Administration. (SOF, ¶ 37, 38, 41).

Jackson also filed an untimely charge with the Equal Employment Opportunity Commission ("EEOC") on April 6, 2011, alleging discrimination based on race, retaliation and age on October 26, 2009. (SOF, ¶ 42). The charge was considered by the EEOC, which stated in correspondence to Robert G. Cohn, Senior Counsel of Labor and Employment for AEP/SWEPCO, that the "Commission concurs with your argument that the Charging Party did not engage in a protected activity and therefore was not subjected to retaliation." (SOF, ¶ 44). The EEOC further issued notice to Jackson that "[y]ou alleged that

you were subject to unequal terms and conditions, suspended and discharged based on your disability, age and retaliation. The evidence does not support your allegations." (SOF, ¶ 47). Despite this statement from the EEOC, Jackson filed this suit on July 31, 2012 asserting race and disability discrimination. (SOF, ¶ 48). Subsequently, he filed a Second Amended Complaint merely listing a number of statutes that apparently he asserts were violated by SWEPCO. (SOF, ¶ 51).

LAW AND ANALYSIS

**A. Summary Judgment Standard**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir.2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir.2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then

---

[1] The Court notes that the newly amended Rule 56 requires that there be "no genuine *dispute* as to any material fact," but this change does not alter the Court's analysis. F.R.C.P. 56(a) and advisory committee's note (emphasis added).

summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir.2005).

**B. Analysis**

*1. Discrimination and / or Retaliation Claim*

Jackson's first claim against the Defendants is for discrimination and/or retaliation due to his race. Employers are prohibited from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A claim for discrimination may be proven with direct or circumstantial evidence. Nasti v. CIBA Specialty Chemicals Corp., 492 F.3d 589,593 (5th Cir. 2007). If a Plaintiff lacks direct evidence to prove such a claim, courts are to implement a burden shifting analysis as established under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817 (1973); Nasti v. CIBA Specialty Chemicals Corp., 492 F.3d at 593. Because Jackson has not provided this Court with any direct evidence of discrimination, analysis under the McDonnell Douglas framework is appropriate. The Fifth Circuit has explained this framework as follows:

> Under the McDonnell Douglas framework, a plaintiff must first establish a *prima facie* case of...discrimination. The employer then bears the burden of producing a legitimate, non-discriminatory reason for its actions. The employer is not required to convince the Court that it was actually motivated by this reason; it need only raise a genuine issue of fact as to whether or not it discriminated against the plaintiff. Once the employer offers a legitimate, nondiscriminatory reason for the plaintiff's treatment, the presumptions of the McDonnell Douglas framework dissipate, and the plaintiff bears the ultimate burden of persuading the trier of fact that the defendant engaged in intentional discrimination. To satisfy this burden, a plaintiff must produce substantial evidence that the

5

> employer's proffered reasons for its actions were a pretext for discrimination. A plaintiff can establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or 'unworthy of credence.'

Nasti, 492 F.3d at 593 (Internal citations omitted).

Accordingly, Jackson must first establish a *prima facie* case of discriminatory discharge by showing that: (1) he belongs to a protected class, (2) he was qualified for his position, (3) he suffered an adverse employment action, and (4) similarly situated employees were treated more favorably. See Id.

Similarly, in order to succeed on his retaliation claim, Jackson must prove that: (1) he engaged in an activity protected by Title VII, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse employment action. Long v. Eastfield Coll., 88 F.3d 300, 304 (5th Cir. 1996). Regardless of whether Plaintiff's evidence is direct or circumstantial, he bears the burden of proving that the adverse employment decision was because of race or protected activity. Jenkins v. State of La. Through Dep't of Corrs., 874 F.2d 992, 997 (5th Cir. 1989), cert. denied, 493 U.S. 1059 (1990). In a recent Title VII opinion regarding retaliation claims, the Supreme Court held that a plaintiff must prove that "but for" the protected activity, the adverse employment decision would not have occurred. University of Texas Southwestern Medical Center v. Nassar, 133 S. Ct. 2517, 2528 (2013). Therefore, Jackson must establish that "but for" the alleged protected activity, no adverse employment action would have occurred.

Only if and when a plaintiff successfully establishes a *prima facie* case does a defendant become obligated to produce evidence of a legitimate, non-discriminatory reason for the employment action. Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 897 (5th Cir.

2002). Once the employer provides a legitimate, non-discriminatory reason, the burden shifts back to the employee to demonstrate that the employer's explanation is pretextual and "unworthy of credence." Lee v. Kansas City S. Ry. Co., 574 F.3d 253, 259 (5th Cir. 2009).

In the instant matter, Jackson failed to provide any evidence that he engaged in any protected activity whatsoever, much less that it was the "but for" cause of any adverse employment action. Plaintiff did not file a charge with the EEOC until April 6, 2011, which was after his termination from AEP/SWEPCO. (SOF, ¶ 42). Further, Jackson's opposition to the Motion for Summary Judgment fails to provide any evidence, or even a statement regarding any of the issues raised by the defendants in their Motion for Summary Judgment. Rather, Jackson's opposition to the Motion for Summary Judgment consists of rambling, often incoherent and generally irrelevant statements regarding standing and mootness, neither of which were raised by the Defendants in their Motion for Summary Judgment.

Therefore, the Court finds that the Plaintiff has failed to establish a *prima facie* case of race discrimination or retaliation; therefore, Defendants are entitled to Summary Judgment on Plaintiff's Discrimination and Retaliation claims.

*2. Disability Discrimination Claim*

Jackson's next claim is that Defendants discriminated against him due to a disability. To establish a *prima facie* case of discrimination under the Americans with Disabilities Act as amended (ADAAA) (42 USC §12112), a plaintiff must show that: (1) he has a disability; (2) he was otherwise qualified for the job; and (3) an adverse employment decision was made because of his disability. See Talk v. Delta Airlines, Inc., 165 F.3d 1021, 1024 (5th

Cir. 1999); see also Rodriguez v. ConAgra Grocery Prods. Co., 436 F.3d 468, 474 (5th Cir. 2000).

In the instant matter, Jackson made various, contradicting statements regarding whether or not he was able to perform his job. In his Statement of Facts, Jackson alleges that he is disabled, but that he could have returned to work with "reasonable accommodations." (SOF, ¶ 49). However, he made a sworn statement to SWEPCO's disability insurer and to the Louisiana Department of Labor Office of Workers' Compensation stating that he could not perform any occupation and that his physical and mental capacity were impaired. He also reported that working would "endanger [his] life as well as those of [his] coworkers and the public." (SOF, ¶ 24,30). Jackson made similar statements regarding his inability to work to the Social Security Administration. (SOF, ¶ 41).

The Fifth Circuit has upheld summary judgment in favor of the employer when Plaintiff asserts contradictory positions in ADA litigation. See Holtzclaw, 255 F.3d 254; Reed v. Petroleum Helicopters, Inc., 218 F.3d 477 (5th Cir. 2000). In Holtzclaw, the Court found that the Plaintiff did not offer a sufficient explanation for the contradictions in his stories. Hotzclaw at 259. In Reed, the Court affirmed the granting of summary judgment against the Plaintiff in an ADAAA claim where the statements made by Plaintiff were fundamentally inconsistent with her ability to perform her job. See Reed at 480.

Jackson simply cannot have it both ways – he is either fully disabled or able to work with accommodations. Therefore, this Court finds that Jackson has failed to establish a *prima facie* case for discrimination based on the ADAAA. Additionally, even if Jackson could establish that he qualifies under the ADAAA, he cannot show that his termination was pretexual. The glaring inconsistencies in Jackson's story provide a legitimate, non-

discriminatory basis for the termination.

*3. Miscellaneous Claims*

Jackson makes additional, miscellaneous claims in his Second Amended Complaint, in which he lists several statutes and laws, including the Family and Medical Leave Act, Age Discrimination in Employment Act, and various state law claims, suggesting that he has a claim under each. The Court finds that Jackson failed to sufficiently plead any of these claimed violations. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 550 U.S. 544, 167 L.Ed.2d 929 (2007). Additionally, Jackson failed to address any of these claims in his opposition to the Motion for Summary Judgment, and therefore, he is deemed to have conceded these claims.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiff Richard L. Jackson failed to provide sufficient competent summary judgment evidence to raise a dispute of material fact that he endured discrimination and/or retaliation under the framework provided by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Jackson has also failed to provide sufficient competent summary judgment evidence to raise a dispute of material fact that he endured discrimination based on his claimed disability. Additionally, Jackson concedes his various claims listed in the Second Amended Complaint because these fail to meet the Twombly requirements and because Plaintiff failed to address them in his opposition to the Motion for Summary Judgment filed by the Defendants.

Accordingly, **IT IS ORDERED THAT** the foregoing motion filed by Defendants AEP/SWEPCO (Record Document 33) be and is hereby **GRANTED.** All of Plaintiff's

claims are **DISMISSED WITH PREJUDICE**.

A Judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

Thus done and signed, in Shreveport, Louisiana, this 20th day of May, 2014.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE